OA 91  Criminal Complaint

# United States District Court

**FILED**
DEC - 5 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

NORTHERN  DISTRICT OF  CAILFORNIA

UNITED STATES OF AMERICA
V.

ALEJANDRO BARAJAS

CRIMINAL COMPLAINT

Case Number: 4-07-70724 WDB



(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about __March 12, 2007__ in __Contra Costa County__ County, in the __Northern__ District of __California__ defendant(s) did,

(Track Statutory Language of Offense)

knowingly and intentionally distribute a Schedule II controlled substance, namely, approximately 15.6 grams of actual methamphetamine,

in violation of Title __21__ United States Code, Section(s) __841(a)(1), (b)(1)(B)(viii)__.

I further state that I am a(n) __FBI Special Agent__ and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT OF FBI SA NITIANA DOSS

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

Approved As To Form: _____ AUSA GARTH HIRE
AUSA

NITIANA DOSS
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

December 5, 2007                                at   San Francisco, California
Date                                                    City and State

HON. MARIA-ELENA JAMES, U.S. MAG.
Name & Title of Judicial Officer          Signature of Judicial Officer

NORTHERN DISTRICT OF CALIFORNIA  )
                                 ) ss:
COUNTY OF SAN FRANCISCO          )

## AFFIDAVIT

I, Nitiana Doss, Special Agent of the Federal Bureau of Investigation, being duly sworn, hereby declare as follows:

### I.   INTRODUCTION

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed since August 2005. Currently I am assigned to the Violent Crimes and Major Offender Squad at the Oakland Resident Agency, San Francisco Field Office, where my responsibilities involve the investigation of gangs and narcotics. During my tenure in the FBI, I have been involved in numerous investigations of gang-related narcotics traffickers. Several of the investigations involved gangs and narcotics traffickers in the area of Pittsburg-Bay Point, California. I have participated in physical and electronic surveillance, undercover narcotics transactions, executed search warrants, and reviewed recorded conversations of drug traffickers. As a federal agent, I am authorized to investigate violations of the laws of the United States and am a law enforcement officer with authority to execute warrants issued under the authority of the United States.

2. This affidavit is being submitted in support of a criminal complaint charging ALEJANDRO BARAJAS with distribution of a Schedule II controlled substance, namely methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii).

3. The statements contained in this affidavit are based on information provided to me by law enforcement officers as well as my training, experience, and knowledge of this investigation. Because this affidavit is being submitted for the limited purpose of supporting the issuance of a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to support the complaint.

III. **PROBABLE CAUSE**

A. **Investigative Background**

4. The investigation that is the subject of this affidavit has focused on narcotics trafficking and violence perpetrated by a group of people, including BARAJAS, in the area of Pittsburg-Bay Point, California. This investigation is being conducted jointly by several law enforcement agencies including the FBI, the Contra Costa County Sheriff's Office ("CCCSO"), and the Concord Police Department ("CPD").

B. **Cooperating Witness One (CW-1)**

5. On or about May 2007, former CCCSO Detective Lance Santiago[1] told me that over the last six years he has received information from a cooperating witness (CW-1) concerning narcotics trafficking in the area of Pittsburg-Bay Point, California. Detective Santiago told me that he and other CCCSO Detectives have utilized CW-1 for several years. Detective Santiago is not aware of any instances during that time in which CW-1 has provided false information. Detective Santiago has previously used CW-1 in several different investigations including a state investigation involving narcotics trafficking in the Pittsburg-Bay Point area and was able to corroborate information provided by CW-1. CW-1 has made controlled purchases of methamphetamine at the direction and under the supervision of Detective Santiago. Detective Santiago considers the information provided by CW-1 to be reliable.

6. Additionally, I have met with CW-1 on dozens of occasions and have had an opportunity to confirm the information CW-1 has given me on those occasions. I have reviewed CW-1's criminal history, which dates back to the 1980's. CW-1 has previously been convicted of misdemeanor possession of a hypodermic needle, prostitution, disorderly conduct, felony escaping from jail with force or violence, misdemeanor petty theft, felony petty theft with a prior, felony making of false checks, and burglary. CW-1 has previously been arrested for being under

---

[1] Santiago is now an Officer with the newly created San Ramon Police Department and has been since approximately June 2007.

2

the influence of a controlled substance, theft of personal property, impersonating another person to make them liable, possession of a controlled substance and a hypodermic needle, being under the influence of a controlled substance, loitering and obstruction of justice, disorderly conduct, providing false information to a peace officer, and receiving stolen property.

7. I know that CW-1 has provided information that has led to the arrest of several fugitives. CW-1 provided information that has been used in state search warrants.

8. CW-1 is currently in custody for a parole violation and has been since October 2007. CW-1 was providing assistance on this and other related criminal matters in exchange for the payment of future relocation and related expenses by the FBI. CW-1 made approximately five controlled purchases of methamphetamine at my direction. These purchases were made with covert audio and video recording equipment. CW-1 has been paid $6,000 for compensation and for relocation expenses.

C. **Controlled Purchase Of Methamphetamine By CW-1 From BARAJAS On March 12, 2007**

9. On March 12, 2007, CW-1 conducted a controlled purchase of methamphetamine from BARAJAS under the supervision of law enforcement personnel. CW-1 placed a call to BARAJAS at (925) 727-7464. During the recorded telephone call, BARAJAS agreed to sell CW-1 an ounce of methamphetamine for $850.

10. CW-1 and CW-1's vehicle were searched to ensure that CW-1 had no narcotics or cash not provided by the FBI. CW-1 was equipped with a covert audio/video recording device. CW-1 was provided with $850 to purchase methamphetamine and given instructions on how to conduct the transaction. CW-1 drove to 80 Bayview Avenue, Pittsburg, California, in Contra Costa County. CW-1 had met BARAJAS there on several prior occasions to purchase methamphetamine. Because BARAJAS was not there, CW-1 placed a call to BARAJAS at (925) 727-7464. BARAJAS told CW-1 he would be right there. BARAJAS arrived a short time later in a four door blue sedan. CW-1 got in the car with BARAJAS. BARAJAS asked if CW-1 had the money. When CW-1 indicated CW-1 did have the money, BARAJAS exited the car and went to an apartment near where he and CW-1 were parked. BARAJAS returned a short time

1  later. CW-1 gave BARAJAS $850 and thereafter BARAJAS gave CW-1 a plastic baggy
2  containing an ounce of suspected methamphetamine and five dollars in change. CW-1 also asked
3  BARAJAS if it would be possible to get a pound of methamphetamine. BARAJAS told the
4  source it would be no problem. A short time later a baggy containing suspected
5  methamphetamine was recovered from CW-1. This substance was later analyzed by a Drug
6  Enforcement Administration Chemist and determined to be 20.8 grams of a mixture and
7  substance containing 15.6 grams of actual methamphetamine.

8      11.    I have reviewed the audio/video recording of the controlled purchase of
9  methamphetamine by CW-1 from BARAJAS on March 12, 2007. The video clearly shows CW-
10 1 meeting with BARAJAS inside a vehicle. After BARAJAS asked CW-1 if CW-1 had the
11 money, he exited the vehicle. CW-1 can be seen counting the money and placing it in piles to
12 make it easier to count. When BARAJAS returned to the vehicle, he can be seen giving the
13 source a plastic baggy containing a white crystalline substance.

14     **D.**    **Arrest and Interview of BARAJAS**

15     12.    On December 3, 2007, federal and state law enforcement personnel executed
16 several federal search and arrest warrants of places and persons associated with BARAJAS and
17 others with whom BARAJAS distributes narcotics. At about 1:30 p.m., at Dave's Liquor Store,
18 in Pittsburg, California, CCCSO Deputies Jose Beltran and Christopher Martinez arrested
19 BARAJAS for distributing methamphetamine on March 12, 2007.

20     13.    BARAJAS was brought to the CCCSO Field Operations Bureau for questioning.
21 SA Doug Hunt and I interviewed BARAJAS. SA Hunt informed BARAJAS of his *Miranda*
22 rights, which he waived pursuant to a written FBI form. BARAJAS was shown the video/audio
23 recording depicting the distribution of methamphetamine by him to CW-1 on March 12, 2007.
24 Among other statements, BARAJAS said the following. After initially denying that he was the
25 person depicted on the video/audio recording, BARAJAS eventually admitted that it was him in
26 the recording and that he was distributing methamphetamine to CW-1 and identified CW-1 by
27 name. BARAJAS admitted selling narcotics prior to selling methamphetamine to CW-1.
28

### III. CONCLUSION

14. For the reasons stated above, I submit that there is probable cause to believe that ALEJANDRO BARAJAS knowingly and intentionally distributed a Schedule II controlled substance, namely, approximately 15.6 grams of actual methamphetamine on March 12, 2007, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii).

_____
Nitiana Doss
Special Agent, Federal Bureau of Investigation

Sworn to before me this
5 day of December

_____
HONORABLE MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

5

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☑ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT
☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

── OFFENSE CHARGED ──

Distribution of Methamphetamine
(21 U.S.C. 841(a)(1), (b)(1)(B)(viii))

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
SEE ATTACHMENT A

── DEFENDANT - U.S. ──

▶ ALEJANDRO BARAJAS

DISTRICT COURT NUMBER

── PROCEEDING ──
Name of Complaintant Agency, or Person (&Title, if any)
FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

── DEFENDANT ──
IS NOT IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year  12/3/2007

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

Name and Office of Person Furnishing Information on THIS FORM   SCOTT N. SCHOOLS
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  AUSA GARTH HIRE

☐ This report amends AO 257 previously submitted

── ADDITIONAL INFORMATION OR COMMENTS ──

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

ATTACHMENT A
PENALTY SHEET

UNITED STATES v. ALEJANDRO BARAJAS

(21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii))

*If 21 U.S.C. § 851 Information alleging prior felony narcotics conviction NOT FILED:*

| | |
|---|---|
| Imprisonment: | Maximum 40 Years Imprisonment<br>Mandatory Minimum 5 Years Imprisonment |
| Fine: | Maximum $2,000,000 |
| Supervised Release: | Maximum Lifetime Supervised Release<br>Mandatory Minimum 4-Year Term of Supervised Release |
| Special Assessment: | $100 |

*If 21 U.S.C. § 851 Information alleging prior felony narcotics conviction FILED:*

| | |
|---|---|
| Imprisonment: | Maximum Life Imprisonment<br>Mandatory Minimum 10 Years Imprisonment |
| Fine: | Maximum $4,000,000 |
| Supervised Release: | Maximum Lifetime Supervised Release<br>Mandatory Minimum 8-Year Term of Supervised Release |
| Special Assessment: | $100 |